UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━

DONTIE S. MITCHELL,

                              Plaintiff,                9:25-CV-0602
                                                        (MAD/TWD)
              v.


LEE KINDLON, Albany County District Attorney, et
al.,

                              Defendants.

━━━━━━━━━━━━━━━━━━━━━━━━━━

APPEARANCES:                                    OF COUNSEL:

DONTIE S. MITCHELL
Plaintiff, pro se
58894
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

                    **DECISION AND ORDER**

I.      **INTRODUCTION**

        The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Dontie S.

Mitchell ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 5 ("Compl.").[1]

Plaintiff, who is presently incarcerated at Albany County Correctional Facility ("Albany County

--------------------------------------------------------

[1]  On May 12, 2025, plaintiff filed a letter with the Court and asked that the Court consider the submission a "temporary complaint."  *See* Dkt. No. 1.  The letter did not include a caption, a list of parties, factual allegations, or any requests for relief.  *See id.*  Before the Court could respond to plaintiff's request, plaintiff filed a complaint. Dkt. No. 5.  Accordingly, in light of plaintiff's pro se status, the Clerk of the Court is directed to attach the submission at Dkt. No. 1 to the complaint (Dkt. No. 5).  The entire submission shall be deemed the operative pleading.

C.F."), has not paid the filing fee for this action and seeks leave to proceed in forma pauperis ("IFP").  Dkt. No. 3 ("IFP Application").  Plaintiff also filed a motion for preliminary injunctive relief (Dkt. Nos. 6, 8, and 9).

## II.    IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein,* No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id.* (citing 28 U.S.C. § 1915(b) *and Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of plaintiff's IFP Application, the Court finds that he has demonstrated sufficient economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization form required in this District.  *See* Dkt. No. 4.  Accordingly, the Court grants plaintiff's IFP Application.

## III.    SUFFICIENCY OF THE COMPLAINT

### A.  Standard of Review

Having found that plaintiff meets the financial criteria for commencing this action IFP, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  The term "prisoner" includes pretrial detainees.  28 U.S.C. § 1915A(c) (2006).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz,* No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank,* No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

3

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal.  *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B.  Summary of the Complaint

In 2021, plaintiff was released from the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  Compl. at ¶ 16.  In April 2022, a seventeen year old male accused plaintiff of rape.  *Id*. at ¶ 19.  Defendant Detective Megan Craft ("Det. Craft") investigated the allegations and concluded that plaintiff and the accuser engaged in consensual sexual relations  *Id*. at ¶¶ 20-22, 31.  Because Det. Craft "did not

approve", she "encouraged" and "influenced" the mother of plaintiff's adopted son to petition the family court for a temporary order of protection against plaintiff.  Compl. at ¶ 24.

In July 2022, Det. Craft "falsely arrested and maliciously prosecuted" plaintiff for criminal contempt based upon violating the unlawful temporary restraining order.  Compl. at ¶ 32.  Det. Craft was aware that plaintiff would be released on the misdemeanor charge but she was also aware that plaintiff was on parole.  *Id.* at ¶ 33.  Therefore, Det. Craft delayed plaintiff's arraignment so that the Division of Parole could issue a warrant and take plaintiff into custody.  *Id.* at ¶¶ 32-33.  Plaintiff was confined at Albany County C.F. for 21 days. Compl. at ¶¶ 35-37.  The contempt charges were dismissed.  *Id.* at ¶ 37.

In January 2023, the Albany County District Attorney's Office closed the rape investigation for "lack of solvability."  Compl. at ¶ 20.

In August 2023, plaintiff was present at the scene of a murder in Cohoes, New York. Compl. at ¶¶ 41-52.  On August 14, 2023, plaintiff was arrested by members of the State Police.  *Id.* at ¶ 53.  Defendant Police Investigator Jason Deluca ("Inv. Deluca") attempted to interrogate plaintiff.  *Id*. at ¶ 54.  Inv. Deluca refused to disclose "what happened at the incident about which he wanted to question plaintiff."  *Id*. at ¶ 55.  Inv. Deluca seized plaintiff's bag, keys, wallet, and cash without a warrant or probable cause and inventoried the items in the presence of defendant Police Investigator Casey Krul ("Inv. Krul").   Compl. at ¶ 57.  Inv. Deluca and Inv. Krul "stole $2,100" from plaintiff.  *Id*. at ¶ 60.

On August 14, 2023, defendant Detective Andrew Britt ("Det. Britt") "overcharged" plaintiff with two counts of reckless endangerment.  Compl. at ¶ 61.  On August 18, 2023, defendant Albany County Deputy Assistant District Attorney Jessica Blain-Lewis ("ADA Blain-Lewis") "had an Albany County grand jury overcharge plaintiff with murder" even though she

"knew" plaintiff was innocent.  *Id.* at ¶¶ 63-64.  On December 13, 2023, the charges were dismissed for lack of legally sufficient evidence.  *Id.* at ¶ 65.

Plaintiff participated in "a couple news interviews" criticizing the Albany County District Attorney's Office.  Compl. at ¶ 66.

On February 2, 2024, ADA Blain-Lewis retaliated against plaintiff when she "had another Albany County grand jury overcharge plaintiff" with attempted murder.  Compl. at ¶ 67.  ADA Blain-Lewis "enlisted" defendant Detective Robert Lawyer ("Det. Lawyer") to assist her with the investigation which included discussions related to the prior rape accusation.  *Id.* at ¶¶ 70-71.  During the course of the investigation defendants "illegally" discovered videos of plaintiff engaging in consensual sex with a "legal adult" on plaintiff's devices.  *Id.* at ¶¶ 72-73. ADA Blain-Lewis told Det. Lawyer to investigate the video as possible child pornography.  *Id.* at ¶ 74.  ADA Blain-Lewis "act[ed] outside her role as a prosecutor" and "directed, controlled, participated in, and aided the broadening investigation of plaintiff[.]"  Compl. at ¶ 75.  Det. Lawyer coerced and encouraged witnesses to falsely claim that plaintiff sexually assaulted them.  *Id.* at ¶ 77.

ADA Blain-Lewis obtained an indictment charging plaintiff with a first-degree criminal sexual act (#71650-24).[2]  Compl. at ¶ 79.

During a jury trial in October 2024, ADA Blain-Lewis and Det. Lawyer "forced" witnesses to present false testimony during plaintiff's trial for attempted murder and weapon

---

[2]  Plaintiff alleges that ADA Blain-Lewis' motion to consolidate Indictment No. 71650-24 with the attempted murder and weapon possession "case" was denied and "nothing more was done with this case."  Compl. at ¶¶ 81-82.

possession charges.  Compl. at ¶¶ 83-85, 89.  Plaintiff was acquitted of the attempted murder charge.[3]  *Id.* at ¶ 87.

In December 2024, at ADA Blain-Lewis' direction, a different assistant district attorney obtained an indictment with charges of first-degree perjury, predatory sexual assault, seven counts of first-degree rape, two counts of third-degree rape, and ten counts of first-degree unlawful surveillance (#70257-25 and #70258-25).  Compl. at ¶ 90.  Defendant Albany County District Attorney Lee Kindlon ("Kindlon") "did nothing" to stop the "malicious prosecution."  *Id.* at ¶ 93.  DA Kindlon also refuses to release plaintiff's property including his electronic devices.  *Id.* at ¶ 96.

Plaintiff, who is presently confined at Albany County C.F., has "made numerous requests to staff members" in an attempt to obtain copies, postage, legal supplies, folders, paper, and permission to use a laptop.  Compl. at ¶¶ 97, 100.  Plaintiff has elected to proceed pro se in the pending criminal matter and is also a plaintiff in three civil matters, one in this District and two in Albany County, Supreme Court.  *Id.* at ¶¶ 97, 110.  Plaintiff suffers from pain in his right arm and hand and cannot "write for long periods."  *Id.* at ¶ 99.  Without a laptop, plaintiff "is concerned" he will be unable to prepare legal motions and a defense.  *Id.* at ¶ 102.  Plaintiff has written to defendant Chief Administrative Officer Lyons ("Lyons") and defendant Albany County Sheriff Craig Apple ("Apple") about his requests, but defendants have failed to take any action.  Compl. at ¶¶ 106, 118.

While incarcerated at Albany County C.F., at Apple's direction, plaintiff is transported to court in full shackles and leg restraints.  Compl. at ¶¶ 130, 139.  Plaintiff has written to Apple complaining about the transportation, but Apple did not respond.  *Id.* at ¶ 133.

---

[3] The complaint does not contain any allegations related to the outcome of the weapons possession charge. *See generally* Compl.

7

Construed liberally[4], the complaint contains the following:  (1) false arrest claims; (2) malicious prosecutions; (3) First Amendment access-to-court claims; (4) Fourteenth Amendment condition-of-confinement claims; (5) Fourteenth Amendment due process claims related to property; (6) conspiracy claims; and (7) First Amendment retaliation claims.  *See generally* Compl.  Plaintiff seeks declaratory judgment, injunctive relief, and monetary damages.  *See id*. at pp. 30-31.

### E.  Analysis

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983.  *See Iqbal,* 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").  "[A] plaintiff must plead and prove 'that each Government-official

---

[4]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. S*ee, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id*. (quoting *Iqbal,* 556 U.S. at 676).

### 1. Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan,* 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the type of claims asserted in plaintiff's complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38-40 (2d Cir. 1977); *see also Dawkins v. State of New York,* No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. Mar. 28, 1996).  Actions for damages against a state official in his or her official capacity are essentially actions against the state.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's claims for monetary damages against defendants in their official capacity, *see* Compl. at pp. 2-3, are barred by the Eleventh Amendment and are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  *See Kentucky v. Graham,*

473 U.S. 159, 169 (1985) (reasoning that a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state.").

### 2. False Arrest/Malicious Prosecution

The Fourth Amendment provides the source for Section 1983 claims related to a plaintiff's arrest, detention and prosecution. *See Caidor v. M&T Bank*, No. 5:05-CV-297 (FJS/GJD), 2006 WL 839547, at *3 (N.D.N.Y. Mar. 27, 2006); *Danielak v. City of N.Y.*, No. 02-CV-2349, 2005 WL 2347095, at *11 (E.D.N.Y. Sept. 26, 2005).

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Jackson v. City of New York,* 939 F. Supp.2d 235, 248 (E.D.N.Y. 2013).). Under both federal and New York law, the existence of probable cause "including probable cause based on an outstanding warrant" is a complete defense to a false arrest claim. *Torres v. City of N.Y.,* No. 09 CIV. 9357, 2016 WL 3748492, at *3 (S.D.N.Y. July 11, 2016) (citation omitted).

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must

establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted).  "To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.' " *Id.* at 161 (quoting *Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir. 1997)).

In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  Courts have held that a plaintiff "cannot pursue a civil rights claim based on false arrest and malicious prosecution while criminal charges are still pending against him in State Court." *Singleton v. State of N.Y.*, 1998 WL 438530, at *2 (S.D.N.Y. July 31, 1998) (citing cases).  "If there are charges that are pending or if plaintiff pleaded guilty to the charges/has been convicted of the charges, the potential claims for false arrest and false imprisonment may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)." *Hardie v. City of Albany*, 2018 WL 4026736, at *5 (N.D.N.Y. Aug. 22, 2018), *report and recommendation adopted*, 2018 WL 4288614 (N.D.N.Y. Sept. 7, 2018).

### a.  Det. Craft and Det. Britt

Plaintiff asserts a false arrest claim against Det. Craft related to plaintiff's arrest for criminal contempt for violating an order of protection.  Compl. at ¶¶ 31, 32,141.  Construing the complaint liberally, plaintiff also asserts false arrest claims against Det. Britt with respect to charges of first-degree reckless endangerment.  *Id*. at ¶ 61.  These charges were dismissed.  *Id.* at ¶¶ 37, 65.

Because plaintiff sufficiently alleges that the charges against him were dismissed, he has demonstrated that his cause of action for false arrest would not otherwise render his sentence invalid because his charges resulting from the arrest have been vacated.  *See Delaney v. City of Albany*, No. 1:18-CV-1193 (DNH/CFH), 2019 WL 2537312, at *2 (N.D.N.Y. June 20, 2019), *report and recommendation adopted*, 2019 WL 3454618 (N.D.N.Y. July 31, 2019).  At this early stage in the litigation, the Court finds that plaintiff's false arrest claims against Det. Craft and Det. Britt survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### b.  Claims Against DA Kindlon, ADA Blain-Lewis, and Det. Lawyer

Plaintiff asserts malicious prosecution claims against ADA Blain-Lewis, Det. Lawyer, and DA Kindlon related to charges of attempted murder, weapons possession, perjury, criminal sexual acts, and rape.  *See* Compl. at ¶¶ 90, 136, 137, and 142.

Prosecutors enjoy absolute immunity from suit under Section 1983 in matters associated with their prosecutorial functions, regardless of motivation.  *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994); *see also Peay v. Ajello,* 470 F.3d 65, 67-68 (2d Cir. 2006) (The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity.).  "[O]nce a court determines that challenged conduct

involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused." *Bernard v. Cnty. of Suffolk,* 356 F.3d 495, 503 (2d Cir. 2004) (collecting cases).  Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Id.* at 502-03.  "Prosecutors are not absolutely immune if they conduct their own investigations, if they fabricate evidence or elicit known false evidence for use in a prosecution." *Longee v. Holloway*, No. 1:19-CV-00381, 2019 WL 6702418, at *5 (D. Idaho Dec. 9, 2019) (citing *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001)).

### i. Kindlon

The complaint does not contain any allegations that would plausibly suggest that Kindlon's actions fell outside his duties as District Attorney.  Indeed, plaintiff sued Kindlon in his official capacity only.  *See* Compl. at p. 2.  Thus, at this stage of the proceeding, Kindlon is immune from suit and the claims against him are dismissed without prejudice.  *See Hendley v. Nevada,* No. 2:20-CV-01447, 2021 WL 2213791, at *2 (D. Nev. Feb. 11, 2021) ("[s]tate prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity"), *report and recommendation adopted,* 2021 WL 2211683 (D. Nev. June 1, 2021).

### ii. ADA Blain-Lewis and Det. Lawyer

In December 2024, plaintiff was acquitted of attempted murder.  Compl. at ¶¶ 87, 89. With respect to these charges, plaintiff alleges that ADA Blain-Lewis "acted outside her role as a prosecutor, directed, controlled, participated in, and aided the broadening investigation of plaintiff[.]" *Id.* at ¶ 75.  At this juncture, the Court directs Blain-Lewis to respond to plaintiff's malicious prosecution claim related to the attempted murder charge.  In so ruling,

the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

A different conclusion is reached with respect to the remaining malicious prosecution claims.  In this regard, plaintiff concedes that the charges of weapons possession[5], first-degree perjury, predatory sexual assault, seven counts of first-degree rape, two counts of third-degree rape, and ten counts of first-degree unlawful surveillance (Indictments # 70257-25 and 70258-25) are still pending.  *See* Compl. at ¶ 90.  "[I]t is well-settled that federal courts may not interfere with pending state criminal prosecutions, absent some extraordinary circumstance[.]"  *Gonzalez v. City of Kingston*, No. 1:23-CV-01198 (GTS/CFH), 2024 WL 1550744, at *10 (N.D.N.Y. Apr. 10, 2024) (citation omitted), *report and recommendation adopted sub nom.*, 2024 WL 2836101 (N.D.N.Y. June 4, 2024).  "[B]ecause a plaintiff 'cannot pursue a civil rights claim based on false arrest and malicious prosecution while criminal charges are still pending against him in State Court,' the [ . . . ] claims may be barred by *Heck v. Humphrey*[.]"  *Beverly v. Cnty. of Rensselaer*, No. 1:18-CV-1293 (GLSDJS), 2019 WL 1198364, at *2 (N.D.N.Y. Mar. 14, 2019) (citation omitted).

Accordingly, the remaining malicious prosecution claims are dismissed without prejudice pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. First Amendment – Access to Court

Plaintiff claims that Lyons and Apple refused to provide him with legal supplies and a laptop in violation of his First Amendment right to access the courts.  *See* Compl. at ¶ 138.  Plaintiff claims he is unable to effectively represent himself in criminal and civil matters.  *Id.*

In *Bounds v. Smith*, the Supreme Court held that access to the courts is a

---

[5]  As discussed *supra,* the complaint is devoid of any information related to the outcome of this charge.

fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  430 U.S. 817, 828 (1977).

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating that (1) the defendant acted deliberately, and (2) the plaintiff suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Konigsberg v. Lefevre*, 267 F.Supp.2d 255, 261 (N.D.N.Y. 2003) ("Prison officials may only be held liable for such injury if they frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim.").

However, "[a] hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts."  *Amaker v. Haponik,* No. 98-CV-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999).  Instead, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim.  *Lewis,* 518 U.S. at 349, 351-53 (noting that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense").  "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.' "  *Davis*, 320 F.3d at 352 (citing *Jermosen v. Coughlin*, 877 F.Supp. 864, 871 (S.D.N.Y. 1995)).

The Supreme Court has stated that, in order to allege a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."  *Christopher v. Harbury,* 536 U.S. 403, 415 (2002).  The Supreme Court instructed that the underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more

than hope." *Id*. at 415-16.

"Finally, . . . the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, the injury must be to an inmate's ability "to attack [his] sentence[ ], directly or collaterally, [or] . . . to challenge the conditions of [his] confinement." *Id*. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Even assuming the truth of plaintiff's assertions, plaintiff has not pled that he suffered an "actual injury" as a result of defendants' actions. Plaintiff alleges he is "working on an omnibus motion and other legal documents" and a video "defense presentation" which he intends to submit in his criminal action. *See* Compl. at ¶¶ 104-105. While plaintiff claims the lack of "accommodations" is "hampering" his attempts to present a defense in his criminal case, *see id.* at ¶ 108, the complaint lacks facts suggesting that plaintiff was unable to comply with court orders or that he suffered any "actual injury" in his criminal or civil actions. Indeed, the complaint does not contain any facts or information related to the procedural posture of the pending actions. *See Taylor v. John Doe Auburn Med. ADM & Health Care Provide*r, No. 9:23-CV-0017 (TJM/ATB), 2023 WL 2806119, at *4 (N.D.N.Y. Apr. 6, 2023), *on reconsideration in part sub nom.,* 2023 WL 3275781 (N.D.N.Y. May 5, 2023).

Further, a review of plaintiff's litigation history belies any claim that he was prevented from accessing courts in May and June 2025. In addition to filing the within action, on June 9, 2025, plaintiff submitted a letter motion in *Mitchell v. Annucci, et al.*, No. 9:20-CV-1407 (ECC/DJS), Dkt. No. 58 (N.D.N.Y. Jun. 9, 2025).

Because the complaint lacks any suggesting that plaintiff suffered an injury to a non-frivolous legal claim concerning his criminal conviction, habeas corpus petition, or conditions

of confinement, plaintiff's First Amendment claims are dismissed. *See Lafferty v. Virts*, No. 23-CV-358, 2024 WL 4134254, at *5 (W.D.N.Y. Sept. 10, 2024).

Accordingly, the First Amendment access-to-court claims are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1). *See, e.g., Chalif v. Spitzer,* No. 05-CV-1355, 2008 WL 1848650, at *11 (N.D.N.Y. Apr. 23, 2008) ("Since plaintiff's complaint fails to allege any prejudice in the form of interference with his pursuit of a non-frivolous legal claim, this provides an independent basis for dismissal[.]"); *Joseph v. State, Dep't of Corrs.*, No. 92-CV-1566, 1994 WL 688303, at *1 (N.D.N.Y. Nov. 24, 1994) (dismissing the plaintiff's access to courts claim because the complaint "failed to allege any adverse effect caused by the alleged denial of his legal mail").

### 4. Condition of Confinement Claims

Plaintiff claims that the method of transporting him to court constituted a deprivation of his constitutional rights. *See* Compl. at ¶ 139. Plaintiff alleges he was transported, fully shackled, in "dangerous vehicles on routes most prone to vehicle accidents." *Id*.

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Darnell v. Pineiro,* 849 F.3d 17, 29 (2d Cir. 2017). Such a claim is typically analyzed under a two-pronged standard. First, the pretrial detainee must satisfy the "objective prong" showing that the conditions were "sufficiently serious" as to constitute objective deprivations of constitutional rights. *Id*. at 29. The objective prong of the deliberate indifference claim is the same as a convicted prisoner under the Eighth Amendment. *Id*. at 30. To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his

confinement result 'in unquestioned and serious deprivations of basic human needs.' " *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted).  Although the Constitution does not mandate a comfortable prison setting, prisoners are entitled to "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *Brown v. Doe*, No. 13 Civ 8409, 2014 WL 5461815, at *6 (S.D.N.Y. Oct. 28, 2014) (quoting, *inter alia, Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).

Second, the pretrial detainee must satisfy the "subjective prong" by showing that the officer acted with deliberate indifference to the challenged conditions.  *Darnell,* 849 F.3d at 29.  As to the "mens rea" prong, a pretrial detainee must allege facts showing that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35; *see Bruno v. Schenectady,* 727 Fed. App'x 717 (2d Cir. 2018).

As presently pled, the complaint fails to allege sufficient facts to satisfy the objective or subjective standard.  To wit, plaintiff has not provided any facts related to when he was transported, where he was transported, how often he was transported in this manner, or the identity of any officers involved in the transports, or any alleged injury.  See *Thompson v. New York State Corr. & Cmty. Supervision*, No. 9:22-CV-289 (FJS/CFH), 2024 WL 580064, at *5 (N.D.N.Y. Feb. 13, 2024).

Accordingly, the Fourteenth Amendment claims against Apple are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).[6]

### 5. Fourteenth Amendment – Property

Plaintiff alleges that Inv. Deluca and Inv. Krul stole his property in violation of his Fourteenth Amendment right to due process.  *See* Compl. at ¶ 141.

The Supreme Court has held that the negligent or intentional deprivation of prisoner's property may not be the basis for constitutional claims if sufficient post deprivation remedies are available to address the claim.  *Hudson v. Palmer,* 468 U.S. 517, 531 (1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)); *Davis v. New York*, 311 Fed. App'x. 397, 400 (2d Cir. 2009) (An alleged loss of property, "whether intentional or negligent - will not support a due process claim redressable under § 1983 if 'adequate state post-deprivation remedies are available.' ") (quoting *Hudson*, 468 U.S. 533).  "New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia,* a Court of Claims action."  *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001).  Because plaintiff has access to adequate state law remedies, he has not been deprived of property without due process of law and therefore cannot state a claim for relief pursuant to Section 1983.  *See Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (per curiam); *see also Shabazz v. Pico,* 994 F.Supp. 460, 473-74 (S.D.N.Y. 1998) (dismissing the plaintiff's claim that the defendants destroyed his property in violation of his due process rights).

---

[6] The Court notes that plaintiff does not address this cause of action in his request for relief.  To the extent that plaintiff seeks monetary damages against Apple related to these conditions of confinement, plaintiff has sued Apple in his official capacity only.  Accordingly, as discussed *supra*, any claim for monetary damages would be barred by the Eleventh Amendment.

For the reasons set forth herein, plaintiff's claims related to property loss are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 6. Conspiracy

Plaintiff alleges that Blain-Lewis and Det. Lawyer conspired to fabricate evidence to charge plaintiff with attempted to murder and weapon possession. *See* Compl. at ¶ 142.

"[A] conspiracy claim under 42 U.S.C. § 1983 must allege facts plausibly suggesting that (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff, and (2) an overt act was committed in furtherance of that goal." *Vega v. Artus*, 610 F.Supp.2d 185, 202 (N.D.N.Y. 2009) (citing *Ciambriello v. County of Nassau,* 292 F.3d 307, 324-25 (2d Cir. 2002) *and Concepcion v. City of New York*, No. 05 Civ. 8501, 2008 WL 2020363, at *5)). "Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed." *Vega,* 610 F.Supp.2d at 202-03. "Moreover, a Section 1983 conspiracy claim must not only allege a conspiracy, but the 'actual deprivation of constitutional rights.' " *Id.* at 203 (quoting *Romer v. Morgenthau*, 119 F.Supp.2d 346, 363-64 (S.D.N.Y. 2000)) (additional citation omitted).

Here, plaintiff does not assert any facts giving rise to a conspiracy, but instead makes conclusory statements that defendants conspired with each other. Plaintiff's conclusory allegations do not support a "meeting of the minds" or a plausible conspiracy claim involving any of the defendants. "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be enough to raise a right to relief above the speculative level." *Dorsey v. Fisher*, No. 09-CV-1011, 2009 WL 4985421, at *3 (N.D.N.Y. Dec. 15, 2009) (citations omitted); *see Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003)

20

(to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds").

Accordingly, plaintiff's conspiracy claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. *See Delaney,* 2019 WL 6840152, at *4 (reasoning that the plaintiff did plausibly plead a claim of conspiracy between the District Attorney and detectives as his argument appeared to be "based on his dissatisfaction over the strategy of his attorney and outcome of his criminal proceedings").

### 7. First Amendment - Retaliation

Plaintiff alleges that Blain-Lewis charged him with crimes, knowing he was innocent, in retaliation for plaintiff participating in "a couple news interviews criticizing the Albany County District Attorneys' Office." *See* Compl. at ¶¶ 66, 137.

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting "the following: '(1) that the speech or conduct at issue was "protected;" (2) that the defendant took adverse action against the plaintiff; and (3) there was a causal connection between the protected speech and the adverse action.' " *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004) *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002)).

The Second Circuit has defined "adverse action objectively, as retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising constitutional rights." *Gill*, 389 F.3d at 381 (emphasis in original). The objective test applies even if the plaintiff was not himself subjectively deterred from exercising his rights. *Id.* "A plaintiff can

establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2001).

The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489,491 (2d Cir. 2001).

Plaintiff's retaliation claims are subject to dismissal for the following reasons.  First, "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).  Second, even assuming criticism of public officials is protected speech, the complaint lacks facts identifying when and where plaintiff participated in the news interviews or the sum and substance of the interviews.  Indeed, the complaint lacks facts that would allow this Court to infer that Blain-Lewis was even aware of the interviews or how the interviews motivated the alleged retaliatory actions.  Accordingly, plaintiff has not pled a viable retaliation claim.  *See Shade v. Kinksey,* No. 1:18-CV-16, 2018 WL 2087261, at *3 (E.D. Mo. May 4, 2018) (dismissing retaliation claim because the plaintiff failed to identify any particular speech criticizing any of the defendants, or facts from which it could reasonably be inferred that any defendant was even aware of any such speech, "much less that they retaliated against him because of it.").

## IV.    MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for an order directing Apple and Lyons to provide plaintiff with copies, postage, envelopes, and a laptop.  Dkt. No. 6 at 1.  Plaintiff also seeks an order directing Kindlon to release plaintiff's property.  *Id*.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "[T]his circuit has required a party seeking a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal quotation marks omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2011). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.,* 598 F.3d at 35 n.4 (internal quotation marks omitted). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore,* 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton Count*y, No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing *inter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)) (holding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the

underlying action); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

As plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir. 1995). Plaintiff's motion is denied for the following reasons.

First, as discussed *supra*, the only remaining defendants are Det. Craft, Det. Britt and Blain-Lewis. To the extent that plaintiff seeks injunctive relief against other individuals, who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the Court could provide the relief requested, the issues underlying plaintiff's requests for injunctive relief are unrelated to the surviving claims in this action. The complaint contains false arrest claims against Det. Craft and Det. Britt and malicious

prosecution claims against Blain-Lewis.  The issues surrounding plaintiff's access to legal supplies and a laptop and request for relief against Kindlon are unrelated to plaintiff's surviving claims.  Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied.  *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied.[7]

## V.    CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 3) is **GRANTED**;[8] and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's Inmate Authorization Form, and notify the official that this action has been filed and that plaintiff is required to pay the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915;[9] and it is further

---

[7]  Plaintiff is advised that concerns regarding his current conditions of confinement should be addressed through administrative channels at the facility and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action in the appropriate District Court.

[8]  Plaintiff should note that, although his IFP application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[9]  While Section 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts."  *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris*, 607 F.3d at 21).

**ORDERED** that the Clerk of the Court provide a copy of plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk of the Court is directed to attach the submission at Dkt. No. 1 to the complaint (Dkt. No. 5); and it is further.

**ORDERED** that the Section 1983 claims for monetary damages against defendants in their official capacities following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) all malicious prosecution claims brought against DA Kindlon and Det. Lawyer, and the malicious prosecution claims brought against Blain-Lewis relating to the charges of weapons possession, first-degree perjury, predatory sexual assault, seven counts of first-degree rape, two counts of third-degree rape, and ten counts of first-degree unlawful surveillance; (2) the First Amendment access to the courts claims; (3) the conditions of confinement claims; (4) the Fourteenth Amendment due process claims relating to property loss; (5) the conspiracy claims; and (6) the First Amendment retaliation claims;[10] and it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response: (1) the false arrest

---

[10] If plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

claim against Det. Craft and Det. Britt; and (2) the malicious prosecution claim against Blain-Lewis relating to the attempted murder charge; and it is further

**ORDERED** that the Clerk of the court shall **TERMINATE** from the docket report, the following defendants: Lee Kindlon, Craig Apple, Michael Lyons, Jason DeLuca, Casey Krul, and Robert Lawyer; and it is further

**ORDERED** that upon receipt of the documents for service from plaintiff, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining defendants. The Clerk shall forward a copy of the summonses and complaint to the Office of the Albany County Attorney, together with a copy of this Decision and Order; and it is further

**ORDERED** that defendants or their counsel, shall file a response to the complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any</u>**

**change in his address; the failure to do so will result in the dismissal of his action**; and

it is further

     **ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 6) is

**DENIED**; and it is further

     **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, together

with a copy of the complaint.

**IT IS SO ORDERED.**

Dated:  July 16, 2025
       Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**