UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONTIE S. MITCHELL

                            Plaintiff,                    9:25-CV-0602
                                                              (MAD/TWD)
         v.

JESSICA BLAIN-LEWIS, et al.,

                            Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

DONTIE S. MITCHELL
Plaintiff, pro se
58894
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

On June 6, 2025, pro se plaintiff Dontie S. Mitchell ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 5 ("Compl."); Dkt. No. 3 ("IFP Application"). By Decision and Order filed on July 16, 2025 (the "July 2025 Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 10. On the basis of that review, the Court found that the following claims required a response: (1) false arrest claims against defendants Detectives Craft and Britt; and (2) the malicious prosecution claim against

defendant ADA Blain-Lewis. *Id.* at 26-27. All remaining claims were dismissed, without prejudice. *See id.*

On July 30, 2025, in lieu of providing documents for service, plaintiff filed a motion to reconsider the July 2025 Order. Dkt. Nos. 14 and 16. On September 2, 2025, plaintiff filed an amended complaint. Dkt. No. 15 ("Am. Compl."). On September 15, 2025, plaintiff filed a motion seeking preliminary injunctive relief. Dkt. No. 17. On October 3, 2025, plaintiff filed a submission in support of his motion for injunctive relief. Dkt. No. 18.

## II. MOTION TO RECONSIDER

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*; *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "). Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

By filing an amended complaint, plaintiff replaced the complaint. *See Meserole v. Sony Corp. of Am.*, 08 CV. 8987, 2009 WL 2001451, at *1 (S.D.N.Y. July 9, 2009) (if the Court were to grant the plaintiff's motion to reconsider after the filing of an amended complaint, that would result in two complaints pending in the same action); *see also Greenblatt v. Gluck,* No. 03 Civ. 597, 265 F.Supp.2d 346, 351 (S.D.N.Y. June 3, 2003) ("[e]ven if the motion were to be granted, [the plaintiff] has already filed a new complaint, such that the prior complaint could not in any case be reinstated."). Consequently, plaintiff's claims, will be analyzed *infra* and the motion for reconsideration is denied as moot.

### III.  SUFFICIENCY OF AMENDED COMPLAINT

#### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2025 Order and will not be restated in this Decision and Order. *See* Dkt. No. 10 at 2-4.

#### B. Summary of Amended Complaint[1]

With the amended complaint, plaintiff asserts claims against the following defendants: Hon. Elizabeth Garry ("Judge Garry"), Hon. Rodger D. McDonough ("Judge McDonough"), District Attorney Lee Kindlon ("DA Kindlon"), Albany County Deputy Assistant District Attorney Jessica Blain-Lewis ("ADA Blain-Lewis"), Albany County Assistant District Attorney Ryan M. Carty ("ADA Carty"), Albany County Assistant District Attorney Jennifer McCanney

---

[1] With the amended complaint, plaintiff provided exhibits. *See* Am. Compl. at 62-168. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

("ADA McCanney"), Albany County Sheriff Craig Apple ("Apple"), Chief Administrative Officer at Albany County C.F. Michael Lyons ("Lyons"), Police Investigator Jason DeLuca ("Inv. DeLuca"), Police Investigator Casey Krul ("Inv. Krul"), Detective Robert Lawyer ("Det. Lawyer"), Detective Megan Craft ("Det. Craft"), and Detective Andrew Britt ("Det. Britt").[2] *See generally* Am. Compl.

In 2021, plaintiff was released from the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Am. Compl. at ¶ 20. In April 2022, a seventeen year old male accused plaintiff of rape. *Id.* at ¶ 23. Det. Craft investigated the allegations and concluded that plaintiff and the accuser engaged in consensual sexual relations. *Id*. at ¶¶ 24-26. Det. Craft suppressed exculpatory evidence, including a video recording of her interview with the accuser. *Id.* at ¶ 27. Because Det. Craft "did not approve" of the relationship, she "encouraged" and "influenced" the mother of plaintiff's adopted son to petition the family court for a temporary order of protection against plaintiff. Am. Compl. at ¶ 30.

In July 2022, Det. Craft "falsely arrested and maliciously prosecuted" plaintiff for criminal contempt based upon violating the unlawful temporary restraining order. Am. Compl. at ¶¶ 38-40. Det. Craft was aware that plaintiff would be released on the misdemeanor charge but she was also aware that plaintiff was on parole. *Id.* at ¶ 40. Therefore, Det. Craft delayed plaintiff's arraignment so that the Division of Parole could issue a warrant and take plaintiff into custody. *Id.* at ¶ 41. Plaintiff was confined at Albany County C.F. for 21 days. *Id.* at ¶ 42. The contempt charges were dismissed. Am. Compl. at ¶ 44.

---

[2] The Clerk of the Court is directed to amend the Docket Report to include these defendants.

In August 2023, plaintiff was present at the scene of a murder in Cohoes, New York. Am. Compl. at ¶¶ 48-60.  On August 14, 2023, plaintiff was arrested by members of the State Police.  *Id*. at ¶ 61.  Inv. Deluca attempted to interrogate plaintiff.  *Id.* at ¶ 62.  Inv. Deluca refused to disclose "what happened at the incident about which he wanted to question plaintiff."  *Id.* at ¶ 63.  Inv. Deluca seized plaintiff's bag, keys, wallet, and cash without a warrant or probable cause and inventoried the items in the presence of Inv. Krul.  Am. Compl. at ¶ 63, 68.  Inv. Deluca and Inv. Krul "stole $2,100" from plaintiff.  *Id.* at ¶ 68.

On August 14, 2023,  Det. Britt "overcharged" plaintiff with two counts of reckless endangerment.  Am. Compl. at ¶ 69.  On August 18, 2023, ADA Blain-Lewis "had an Albany County grand jury overcharge plaintiff with murder" even though she "knew" plaintiff was innocent.  *Id.* at ¶¶ 69-71.  On December 13, 2023, the charges were dismissed for lack of legally sufficient evidence.  *Id.* at ¶ 73.

In December 2023, plaintiff participated in news interviews criticizing the Albany County District Attorney's Office.  Am. Compl. at ¶¶ 74, 110.  The reporters reached out to DA Kindlon and ADA Blain-Lewis, who refused to comment.  *Id.* at ¶¶ 75, 111.  ADA Blain-Lewis, ADA McCanny, and ADA Carty watched the interviews and were aware that plaintiff criticized their office and "exposed" their malicious and unethical conduct.  *Id*. at ¶¶ 76, 92.

On February 2, 2024, ADA Blain-Lewis retaliated against plaintiff when she "had another Albany County grand jury overcharge plaintiff" with attempted murder.  Am. Compl. at ¶¶ 77-78.  ADA Blain-Lewis "enlisted" ADA McCanney, ADA Carty, and Det. Lawyer to assist her with the investigation which included discussions related to the prior rape accusation.  *Id*. at ¶ 81.  During the course of the investigation defendants "conspired" together, exchanging communications, discussing their plans to investigate plaintiff including using the prior rape

5

allegations. *Id*. at ¶¶ 82-84. Defendants "illegally" discovered videos of plaintiff engaging in consensual sex with a "legal adult" on plaintiff's devices. *Id*. at ¶ 85. Defendants "re-opened" the rape investigation. Am. Compl. at ¶ 87. ADA Blain-Lewis told Det. Lawyer to investigate the video as possible child pornography. *Id*. at ¶ 89. ADA Blain-Lewis, ADA McCanney, and ADA Carty "act[ed] outside their roles as prosecutors" and "aided and abetted," "directed, controlled, participated in, and aided the broadening investigation of plaintiff[.]" *Id.* at ¶ 91.

ADA McCanney, ADA Carty, and Det. Lawyer coerced and encouraged witnesses to falsely claim that plaintiff sexually assaulted them. Am. Compl. at ¶ 94. ADA Blain-Lewis obtained an indictment charging plaintiff with a first-degree criminal sexual act (Indictment No. 71650-24). *Id*. at ¶ 96. ADA Blain-Lewis, ADA McCanney, ADA Carty, and Det. Lawyer supported perjured testimony before the grand jury in July 2023. *Id*. at ¶ 97.

ADA Blain-Lewis' motion to consolidate Indictment No. 71650-24 with the attempted murder and weapon possession "case" was denied and "nothing more was done with this case." Am. Compl. at ¶¶ 98-100. ADA Blain-Lewis and Det. Lawyer "forced" witnesses to present false testimony during plaintiff's trial for attempted murder and weapon charges. *Id*. at ¶¶ 101, 104-107. Plaintiff was acquitted of the attempted murder charge and convicted of criminal possession of a weapon. *Id*. at ¶ 109.

In December 2024, at the direction of DA Kindlon and ADA Blain-Lewis, ADA Carty and Det. Lawyer expanded their investigation into plaintiff's alleged inappropriate sexual contact with underage boys. Am. Compl. at ¶¶ 112-113. In February 2025, due to the malicious and unethical investigative activities of ADA Blain-Lewis, ADA Carty, DA Kindlon, and Det. Lawyer, plaintiff was indicted with charges of first-degree perjury, predatory sexual assault, seven counts of first-degree rape, two counts of third-degree rape, and ten counts of

6

first-degree unlawful surveillance (Indictment Nos. 70257-25 and 70258-25). *Id*. at ¶¶ 129-143.

DA Kindlon, ADA Blain-Lewis, and ADA Carty refused to release plaintiff's property, including his electronic devices. Am. Compl. at ¶¶ 144-147. Plaintiff filed an Article 78 petition for the release of his property, but the petition was denied. *Id*. at ¶ 147. Plaintiff filed "repeated motions for renewal and reargument, the latest of which was denied in July of 2025." *Id*. at ¶ 149. Plaintiff could not appeal the dismissal because he could not obtain copies, postage, envelopes, legal supplies, or permission to use a laptop from defendants Apple and Lyons. *Id*. at ¶¶ 148, 150, 156.

Plaintiff is proceeding pro se in the pending criminal matters and in three civil matters, one in this District and two in Albany County, Supreme Court. Am. Compl. at ¶¶ 151, 172, 173. Plaintiff suffers from pain in his right arm and hand and cannot "write for long periods." *Id*. at ¶ 154. Lyons and Apple limited plaintiff's access to a laptop, legal supplies, and postage, and, thus, plaintiff is unable to prepare legal motions, prosecute his cases, or prepare his defense.[3] *Id*. at ¶¶ 156-159-196.

Judge McDonough presides over one of plaintiff's criminal matters. Am. Compl. at ¶¶ 208-209. McDonough is "biased" against plaintiff for "proceeding pro se" and "his belief that plaintiff is a sexual predator." *Id*. McDonough belittled plaintiff and asked "frivolous" questions during a hearing. *Id*. at ¶ 211. On February 13, 2025, McDonough "illegally" revoked plaintiff's pro se status. *Id.* at ¶¶ 212-215. McDonough refuses to provide plaintiff with the necessary "tools" to effectively present a defense. Am. Compl. at ¶ 229.

---

[3] Plaintiff used a laptop to prepare the amended complaint, but was "told he is technically not allowed to use these laptops for this purpose." Am. Compl. at ¶ 157.

While incarcerated at Albany County C.F., at Apple's direction, plaintiff is transported to court in "metal boxes with sharp edges while in full shackles and leg restraints." Am. Compl. at ¶¶ 277-278. The vehicle travels at 65 miles per hours, during busy traffic, and is not equipped with seatbelts. *Id*. at ¶¶ 279-280. During one transport, plaintiff suffered minor injuries when a deputy "breaked suddenly" causing plaintiff to fall onto other prisoners. *Id*. at ¶¶ 281-283. Plaintiff has written to Apple complaining about the transportation, but Apple did not respond. *Id.* at ¶ 289

Construing the amended complaint liberally[4], plaintiff alleges the following: (1) false arrest and malicious prosecution claims; (2) First Amendment access-to-court claims; (3) First Amendment retaliation claims; (4) Fourth Amendment due process claims related to property; (5) conspiracy claims; (6) Sixth Amendment claims; (7) condition-of-confinement claims; and (8) state law claims. Am. Compl. at ¶¶ 278-293. Plaintiff seeks monetary damages, injunctive relief, and declaratory judgment. *See id*. at pp. 57-59.

### C. Analysis

#### 1. False Arrest/Malicious Prosecution

The law related to false arrest and malicious prosecution claims was discussed in the July 2025 Order and will not be restated herein. *See* Dkt. No. 10 at 10-11. In the July 2025 Order, the Court directed Det. Craft and Det. Britt to respond to plaintiff's false arrest claims

---

[4] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

8

and directed ADA Blain-Lewis to respond to the malicious prosecution claim related to the attempted murder charge. *See id*. at 12-13. Those claims are repeated in the amended complaint and thus, survive review. Defendants are directed to respond to these claims.

In the July 2025 Order, the Court dismissed plaintiff's malicious prosecution claims against DA Kindlon because DA Kindlon was sued in his official capacity only and thus, was immune from suit. *See* Dkt. No. 10 at 12. With the amended complaint, plaintiff sues DA Kindlon in his individual and official capacity and asserts new malicious prosecution claims against Det. Lawyer, ADA McCanney and ADA Carty. *See* Am. Compl. at ¶ 9. At this juncture, the Court directs DA Kindlon, Det. Lawyer, ADA McCanney, and ADA Carty to respond to the malicious prosecution claims related to the attempted murder charge.

In the July 2025 Order, the Court dismissed the remaining malicious prosecution claims related to charges of weapons possession, first-degree perjury, predatory sexual assault, seven counts of first-degree rape, two counts of third-degree rape, and ten counts of first-degree unlawful surveillance (Indictment Nos. 70257-25 and 70258-25) because the criminal prosecutions were still pending. *See* Dkt. No. 10 at 14. With the amended complaint, plaintiff concedes that he was convicted of weapons possession. The conviction precludes his claims for malicious prosecution. *See Peeples v. Fiorito*, No. 3:19-CV-00868 (TJM/TWD), 2020 WL 4050248, at *9 (N.D.N.Y. July 20, 2020), *report and recommendation adopted sub nom. Peeples v. FBI Agent Chris Fiorito,* 2020 WL 6128167 (N.D.N.Y. Oct. 19, 2020). With respect to the remaining claims, the allegations in the amended complaint do not remedy the deficiencies in this portion of plaintiff's malicious prosecution claims. For the reasons set forth in the July 2025 Order, these malicious prosecution claims are dismissed.

### 2. First Amendment – Access to Courts

The law related to access-to-court claims was discussed in the July 2025 Order and will not be restated herein. *See* Dkt. No. 10 at 14-17. In the July 2025 Order, the Court dismissed the access-to-court claims holding:

> Even assuming the truth of plaintiff's assertions, plaintiff has not pled that he suffered an "actual injury" as a result of defendants' actions. Plaintiff alleges he is "working on an omnibus motion and other legal documents" and a video "defense presentation" which he intends to submit in his criminal action. *See* Compl. at ¶¶ 104-105. While plaintiff claims the lack of "accommodations" is "hampering" his attempts to present a defense in his criminal case, *see id.* at ¶ 108, the complaint lacks facts suggesting that plaintiff was unable to comply with court orders or that he suffered any "actual injury" in his criminal or civil actions. Indeed, the complaint does not contain any facts or information related to the procedural posture of the pending actions. *See Taylor v. John Doe Auburn Med. ADM & Health Care Provider*, No. 9:23-CV-0017 (TJM/ATB), 2023 WL 2806119, at *4 (N.D.N.Y. Apr. 6, 2023), *on reconsideration in part sub nom.*, 2023 WL 3275781 (N.D.N.Y. May 5, 2023).
>
> Further, a review of plaintiff's litigation history belies any claim that he was prevented from accessing courts in May and June 2025. In addition to filing the within action, on June 9, 2025, plaintiff submitted a letter motion in *Mitchell v. Annucci, et al.*, No. 9:20-CV-1407 (ECC/DJS), Dkt. No. 58 (N.D.N.Y. Jun. 9, 2025).
>
> Because the complaint lacks any suggesting that plaintiff suffered an injury to a non-frivolous legal claim concerning his criminal conviction, habeas corpus petition, or conditions of confinement, plaintiff's First Amendment claims are dismissed. *See Lafferty v. Virts*, No. 23-CV-358, 2024 WL 4134254, at *5 (W.D.N.Y. Sept. 10, 2024).

Dkt. No. 10 at 16-17. With the amended complaint, plaintiff claims Lyons and Apple refuse to provide access to legal materials, copies, postage, envelope, paper, and computers to prepare legal motions and a defense and alleges he is "to the point he is ready to give up on representing himself and on pursuing his legitimate and non-frivolous legal claims." Am.

Compl. at ¶ 169.  Additionally, plaintiff summarily states, without any supporting facts, that the "actions" have "negatively affected" his ability to represent himself.  *Id*. at ¶ 170.

These allegations do not cure the deficiencies in plaintiff's access-to-court claims.  At best, plaintiff speculates that he will be unable to satisfy Court requirements and deadlines, but offers no facts suggesting he suffered an "actual injury."  The allegations in the amended complaint do not cure the deficiencies in this claim as addressed in the July 2025 Order.  For the reasons set forth in the Court's prior Order, the access-to-court claims are dismissed.

### 3. First Amendment – Retaliation

The law related to retaliation claims was discussed in the July 2025 Order and will not be restated herein.  *See* Dkt. No. 10 at 21-22.  In the July 2025 Order, the Court dismissed plaintiff's retaliation claims against ADA Blain-Lewis holding

> . . . even assuming criticism of public officials is protected speech, the complaint lacks facts identifying when and where plaintiff participated in the news interviews or the sum and substance of the interviews. Indeed, the complaint lacks facts that would allow this Court to infer that Blain-Lewis was even aware of the interviews or how the interviews motivated the alleged retaliatory actions. Accordingly, plaintiff has not pled a viable retaliation claim.

Dkt. No. 10 at 22.  With the amended complaint, plaintiff claims that, in December 2023, he was interviewed by CBS 6 News and WNYT News 13.  Am. Compl. at ¶ 74.  The reporters "reached out" to ADA Blain-Lewis for comment.  *Id.* at ¶ 75.  ADA Blain-Lewis "had another Albany County grand jury overcharge plaintiff with [ ] attempted murder" in retaliation for criticizing her officer.  *Id.* at ¶¶ 77-78.  Plaintiff also claims that ADA McCanney and ADA Carty "viewed" the interviews and retaliated against plaintiff by maliciously prosecuting him.  *Id.* at ¶ 92.  At this juncture, plaintiff has provided sufficient information related to his retaliation claims to require a response from ADA Blain-Lewis, ADA McCanney, and ADA

Carty. This is not a ruling on the merits and the Court expresses no opinion whether these claims can survive a properly filed motion to dismiss or for summary judgment.

### 4. Due Process – Property

The law related to property claims was discussed in the July 2025 Order and will not be restated herein. *See* Dkt. No. 10 at 19. In the July 2025 Order, the Court dismissed plaintiff's property claim because plaintiff had "adequate state law remedies" in a "Court of Claims action." *Id.* at 19. The allegations in the amended complaint do not remedy the deficiencies in plaintiff's claim. For the reasons set forth in the July 2025 Order, the property claims are dismissed.

### 5. Conspiracy

The law related to conspiracy claims was discussed in the July 2025 Order and will not be restated herein. *See* Dkt. No. 10 at 20-21. The Court dismissed the conspiracy claims noting that the allegations did not support a "meeting of the minds" and did not rise above "the speculative level." *Id.* at 20.

The amended complaint does not cure the deficiencies, addressed in the July 2025 Order, with respect to the conspiracy claims. Thus, for the reasons set forth in the July 2025 Order, plaintiff's conspiracy claims are dismissed.

### 6. Sixth Amendment

Plaintiff claims that Judge McDonough violated his Sixth Amendment right to adequately represent himself during a trial. *See* Am. Compl. at ¶¶ 282-283.

Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). "Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it

is that the judges should be at liberty to exercise their functions with independence and without fear of the consequences.' " *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted)).  The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability under Section 1983 for 'acts committed within their judicial jurisdiction.' " *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson*, 386 U.S. at 554).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id*. at 51 (internal quotations omitted).  Thus, under the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for monetary damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions taken by the judge "in the complete absence of all jurisdiction." *Huminski v. Corsones*, 386 F.3d 116, 137-38 (2d Cir. 2004) (citations omitted).[5]

      In short, the proper avenue for challenging a judicial determination is on direct appeal, not by seeking a declaration that the presiding judge's decision violated the litigant's constitutional rights. *Montesano v. State of New York,* No. 05 CV 9574, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006).  "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Id.*

      Upon review of the complaint and with due regard for plaintiff's status as a pro se litigant, it appears that any claims plaintiff may have against Judge McDonough arise solely out of the performance of his judicial duties in presiding over plaintiff's criminal proceedings

---

[5] Similarly, injunctive relief is not available in an action pursuant to Section 1983 against a judicial officer for acts taken in that official's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Plaintiff's allegations do not plausibly suggest that such relief is available here.

and determining the issues presented therein.  As a result, Judge McDonogh is absolutely immune from liability and plaintiff's claims against him are dismissed with prejudice.  *See Woods v. Sturim*, No. 22-CV-4389, 2022 WL 7566007, at *4 (E.D.N.Y. Oct. 13, 2022) (dismissing the plaintiff's claims against judge who allegedly denied the plaintiff the right to defend himself pro se).

### 7. Conditions of Confinement

The law related to Fourteenth Amendment deliberate indifference claims was discussed in the July 2025 Order and will not be restated herein.  *See* Dkt. No. 10 at 17-18.  In the July 2025 Order, the Court dismissed plaintiff's claims against Apple related to transportation because plaintiff did not provide facts related to when he was transported, where he was transported, how often he was transported in this manner, or the identity of any officers involved in the transports, or any alleged injury.  *Id*. at 18.

With the amended complaint, plaintiff claims he suffered "minor injuries" due to a "deputy" breaking suddenly in "December of 2025."  Am. Compl. at ¶ 281.  Because plaintiff submitted his amended complaint in September 2025, the aforementioned allegations, the new facts do not alter the Court's conclusions regarding these claims.  For the reasons set forth in the July 2025 Order, plaintiff's Fourteenth Amendment claims are dismissed.

### 8. State Law

Plaintiff claims the DA and ADA defendants defamed him.  *See* Am. Compl. at ¶ 281.  New York State law provides the remedy for a defamation claim.  However, "there is no constitutionally protected interest in the preservation of one's reputation."  *Lauro v. Charles*, 219 F.3d 202, 207 (2d Cir. 2000).  A defamation claim may be maintained under the Due Process Clause if plaintiff establishes a "stigma plus" claim.  *Brooks v. Jackson*, No. 11 Civ.

14

6627, 2013 WL 5339151, at *11 (S.D.N.Y. Sept. 23, 2013). In order to plead a "stigma plus" claim, an individual must "allege (1) the utterance of a statement about [him or] her that is injurious to [his or] her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (internal quotation marks and citations omitted). The plaintiff must also prove that the statements were made public to create a stigma. *Brooks,* 2013 WL 5339151, at *11.

Here, the amended complaint is void of any allegations suggesting that any defendant publicized any statement. Plaintiff has not plead that he sustained any damage to his reputation that resulted in a deprivation of a constitutionally protected right or interest. Accordingly, plaintiff's defamation claim is dismissed.

### 9. Claims Against Defendant Garry

Plaintiff identified Judge Garry as a defendant in the caption and list of parties. *See* Am. Compl. at 1-2. However, the amended complaint lacks factual allegations suggesting that Judge Garry was personally involved in any conduct that violated plaintiff's constitutional rights. Indeed, Judge Garry is not referenced anywhere in the body of the amended pleading. As such, the pleading lacks sufficient information to allow plaintiff to proceed with his claims against this defendant. *See Cipriani v. Buffardi,* No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl,* No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately

pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

## IV.     MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks an order enjoining McDonough from "enforcing the September 24, 2025 deadline" for plaintiff to file an omnibus motion in a criminal matter. Dkt. No. 17 at 3.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). "[T]his circuit has required a party seeking a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal quotation marks omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.,* 684 F.3d 286, 294 (2d Cir. 2011). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore,* 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing i*nter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action); s*ee also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.  These special circumstances include showing that the state is acting in bad faith or solely for purposes of harassment, or a showing that a statute challenged is "flagrantly and patently violative of express constitutional prohibitions."  *Id.* at 46, 53-54.  Such circumstances do not present themselves here.  *See Barker v. Suffolk Cnty.*, No. 24-CV-07941, 2024 WL 4827739, at *3 (E.D.N.Y. Nov. 18, 2024) (declining to issue a preliminary injunction where the plaintiff's claims were connected to an ongoing criminal proceeding).

Even assuming the *Younger* Abstention Doctrine was not applicable, plaintiff's request is denied.  Here, the remaining defendants are Det. Craft, Det. Britt, DA Kindlon, ADA Blain-

Lewis, ADA McCanney, ADA Carty, and Det. Lawyer. To the extent that plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, in-junction over a party over whom it does not have personal jurisdiction.").

Even if the court could provide relief requested, the issues underlying plaintiff's request for injunctive relief are unrelated to the surviving claims in this action. The complaint contains false arrest/malicious prosecution and First Amendment retaliation claims. *See generally* Am. Compl. The issues addressed in the within motion involve a criminal action in state court. These issues are unrelated to plaintiff's underlying claims. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); s*ee also Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 17) is denied

V.      **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the amended complaint (Dkt. No. 15) is accepted for filing and deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report to add the following defendants: Judge Garry, Judge McDonough, DA Kindlon, ADA Carty, ADA McCanney, Apple, Lyons, Inv. DeLuca, Det. Krul, and Det. Lawyer; and it is further

**ORDERED** that the following claims survive review and require a response: (1) false arrest claims against Dets. Craft and Britt; (2) malicious prosecution claims against DA Kindlon, ADA Blain-Lewis, ADA McCanney, ADA Carty, and Det. Lawyer related to the attempted murder charges; and (3) First Amendment retaliation claims against ADA Blain-Lewis, ADA McCanney, and ADA Carty; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: (1) remaining malicious prosecution claims; (2) First Amendment access-to-court claims; (3) Fourteenth Amendment property claims; (4) conspiracy claims; (5) Sixth Amendment claims; (6) Fourteenth Amendment conditions-of-confinement claims; (7) state law claims; and (8) claims against Judge Garry;[6] and it is further

---

[6] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New*

**ORDERED** that the Clerk of the Court shall terminated the following defendants from the Docket Report: Garry; McDonough; Apple, Lyons, Deluca, and Krul; and it is further

**ORDERED** that, upon receipt of the documents for service, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and amended complaint to the Office of the Albany County Attorney, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  November 10, 2025
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

*York City Trans. Auth.,* 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).